## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Harry A. Johnson, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19cv1102 (AJT/MSN) |
| | ) | |
| United States, <u>et</u> <u>al.</u>, | ) | |
|     Defendants. | ) | |

<u>ORDER</u>

Harry A. Johnson, a federal inmate proceeding <u>pro se</u>, has filed a civil suit against eleven

defendants, in which he pursues overlapping theories of liability [Dkt. No. 1], a motion for

appointment of counsel, [Dkt. No. 3], and an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  [Dkt. No.

1-3 at 13-15].  The action was filed in the United States District Court for the District of

Maryland, placed under seal [Dkt. No. 4], and then transferred to this Court.  [Dkt. Nos. 4, 5].

Plaintiff appears to assert three different claims, all of which allege a failure to protect

while in custody at NNRJ.  His first claim is pursuant to the Federal Tort Claims Act ("FTCA"),

28 U.S.C. §§ 2671 <u>et</u> <u>seq</u>., (Count 1) against the United States, the U.S. Marshals Service

(USM), the U.S. Attorney General, the U.S. Department of Justice, Assistant United States

Attorney (AUSA) James Wallner, and Northern Neck Regional Jail (NNRJ).  Plaintiff's second

claim pursues a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal</u>

<u>Bureau of Narcotics</u>, 403 U.S. 388 (1971) (Count 2) against the United States, U.S. Marshals

Service, U.S. Attorney General, U.S. Department of Justice, and NNRJ personnel "in their

individual capacities as employees of these defendants."  [Dkt. 1].  Plaintiff then lists seven

individuals: AUSA James Wallner; U.S. Marshal John Doe; Superintendent Hull, NNRJ; Major

Back, NNRJ; Capt. Turner, NNRJ; Lt. Elmore, NNRJ; and Lt. Burke, NNRJ.  Plaintiff's third

claim (Count 3) appears to be a claim pursuant to 42 U.S.C. § 1983 with respect to the same

seven individual defendants, which the Court construes as an attempt to assert a § 1983 civil

rights claim against the non-federal defendants.  [Dkt. No. 1 at 3-4].  To proceed, however,

plaintiff needs to sign and return the enclosed Consent form and the plaintiff's institution needs

to complete and return an inmate account form for the Court to use in determining his application

to proceed in forma pauperis.

## I.

Plaintiff's motion for the appointment of counsel alleges he is not trained in the law, he is

held in protective custody, does not have the funds to retain counsel, and that his case is

"complex."  [Dkt. No. 3].  A court may request an attorney to represent an indigent plaintiff

proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  The Fourth Circuit, however, has limited

the appointment of counsel to cases involving "exceptional circumstances," such as cases with

particularly complex factual and legal issues or a litigant who is unable to represent himself

adequately.  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).  It is unnecessary at this

time to appoint counsel for plaintiff, as his assertions do not constitute "exceptional

circumstances" that would warrant appointment of counsel.  To date, plaintiff has ably filed his

complaint, and he has demonstrated comprehension of the procedures and laws of this Court.

Therefore, plaintiff's request for the appointment of counsel will be denied without prejudice to

renewal at a later stage of the proceedings, if appropriate.

## II.

District courts have a duty to construe pleadings by pro se litigants liberally; nevertheless,

a pro se plaintiff must allege a cause of action that meets the requirements of Rule 12(b)(6).

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it states facts permitting the court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. Each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690–91 (E.D. Va. 2010). Pursuant to 28 U.S.C. § 1915A(b)(1), a court will dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.

### III.

#### A. *The Complaint*

Plaintiff alleges he was taken into federal custody on September 29, 2014, and that he subsequently agreed to testify for the government against members of the Black Gangster Family (BGF). Plaintiff's agreement with the government for testifying provided that the United States would protect him from physical harm and retaliation by BGF members. [Dkt. No. 1 at 4]. Plaintiff alleges that in April 2016 AUSA Wallner, with the USM, had plaintiff transferred from the Chesapeake Detention Center in Baltimore, Marlynad, to NNRJ in Warsaw, Virginia. [Dkt. No. 1 at 4]. Plaintiff alleges it was AUSA Wallner's and the USM's responsibility to ensure "plaintiff's safety and security." [Id. at 5].

Plaintiff alleges that NNRJ was informed that he was testifying on behalf of the government against members of the BGF and that plaintiff could not be housed with members or

associates of the BGF for plaintiff's safety. [Id. at 5]. Plaintiff also alleges that he told NNRJ intake officer, Lt. Elmore, that he could not be housed with members or associates of the BGF "due to the threat of retaliation against plaintiff for testifying against" the BGF members. Plaintiff testified against BGF members in July 2016 and was returned to NNRJ. On August 23, 2017, plaintiff was attacked by Lamont Jones in F-pod. [Id.]. No NNRJ personnel responded or intervened in the assault, which rendered plaintiff unconscious. NNRJ personnel, however, transported plaintiff to a hospital when they found him unconscious. Plaintiff was treated, released, and then returned to NNRJ's medical observation unit where he spent the next three to four weeks. [Id. at 6]. AUSA Wallner was informed plaintiff was attacked and can "verif[y]" plaintiff was attacked by a BGF member, Lamont Jones. [Id.].

Plaintiff's attorney and parents were not informed by NNRJ personnel about the attack but, after learning of the attack from plaintiff, the attorney requested plaintiff be placed in protective custody. [Id.]. Plaintiff was not placed in protective custody although additional requests for plaintiff to be placed in protective custody were made by his attorney and parents to Superintendent Hull, Maj. Back, Capt. Turner, and Lt. Burke. [Id.]. Plaintiff was not placed in protective custody but was transferred to H-pod in September 2017 where he met another BGF member, Montana, who informed plaintiff that BGF had "placed a hit on" plaintiff, which caused plaintiff stress so severe that he requested mental health counseling. [Id.]. On March 12, 2018, plaintiff was transferred by the USM from NNRJ to an undisclosed location.

**B. FTCA Defendants (Count 1)**

Plaintiff has named the United States, the U.S. Marshals Service, the U.S. Attorney General, the U.S. Department of Justice, AUSA James Wallner, and NNRJ as defendants in his FTCA. The FTCA, however, only allows him to sue the United States, not federal agencies or

individuals.  Although the United States may be sued under the FTCA, "a federal agency is not to be sued thereunder."  Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (explaining that "the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit").  The FTCA defines "federal agency" to include "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States."  28 U.S.C. § 2671.  Thus, the U.S. Marshals Service, the U.S. Attorney General, the U.S. Department of Justice, and AUSA James Wallner are not proper defendants in a suit pursuant to the FTCA and each will be dismissed under Count 1.  The FTCA also expressly excludes private contractors from its definition of "Federal agency," and does not include the employees of private contractors in its definition of an "employee of the government" based upon whose actions the United States may be sued.  See 28 U.S.C. § 2671; Logue v. United States, 412 U.S. 521, 529-30 (1973).  The exhibits accompanying the complaint establish that NNRJ was a contractor.  [Dkt. No. 1-3 at 2].  Consequently, NNRJ is not a proper defendant in a FTCA action and it will be dismissed under Count 1.

**B.  _Bivens_ Defendants (Count 2: _Bivens_, and Count 3: § 1983)**

Plaintiff names two federal officers as defendants in his Bivens claim: AUSA James Wallner and U.S. Marshall John Doe.  (Count 2).  The remaining five defendants in the Bivens claim are local officers: Superintendent Hull, NNRJ; Major Back, NNRJ; Capt. Turner, NNRJ; Lt. Elmore, NNRJ; and Lt. Burke, NNRJ as defendants in his Bivens claim.  (Count 3).  [Dkt. No. 1 at 3; Dkt. No. 1-3 at 2].

A failure-to-protect claim has two elements.  Plaintiff must first establish that he suffered "a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury.'"  Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (citation omitted).  At this point, for purposes of screening the complaint, plaintiff has satisfied that he suffered a serious injury.  His hospital medical records show that plaintiff was admitted at 8:48 pm on August 23, 2017 and after an examination, including CT scans performed on plaintiff's head and neck, he was diagnosed with a concussion with loss of consciousness, a contusion on his head, pain in his right hand and knee, headache, and muscle strains in his neck.  He was not held overnight and was discharged at 12:12 a.m. on August 24, 2017.  [Dkt. No. 1-1 at 2].

Regarding the second element, plaintiff must show that the defendant official had a "sufficiently culpable state of mind," specifically "deliberate indifference to inmate health or safety."  Id. at 346-47 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  In other words, plaintiff must allege that the defendant "'consciously disregard[ed]'" a "known risk of serious harm.  An accidental or inadvertent response to a known risk is insufficient to create Eighth Amendment liability."  Anderson v. Kingsley, 877 F.3d 539, 544 (4th Cir. 2017) (citations omitted).

> "Deliberate indifference" requires "'more than mere negligence,' but 'less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result.'"  It is a subjective standard requiring that a prison official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference."  And, in addition to subjectively recognizing that substantial risk, the prison official must also subjectively be aware that "his actions were 'inappropriate in light of that risk.'"

Cox v. Quinn, 828 F.3d 227, 236 (4th Cir. 2016) (citations omitted).

Plaintiff asserts in a conclusory fashion that AUSA Wallner was responsible for his physical safety while he was held prior to testifying.  The complaint does not support the

allegation.  According to the complaint, the USM transported plaintiff to NNRJ in April 2016 and then picked him up on March 12, 2018.  There are no allegations that AUSA Wallner had any control over where plaintiff was housed or whether he knew there were any BGF members at the NNRJ facility in 2016.  Further, when plaintiff was delivered to NNRJ, he alleges that the USM service and he both informed NNRJ/Lt. Elmore that he could not be housed with members or associates of the BGF for plaintiff's safety.  [Id. at 5].  To be sure, the USM is responsible for determining where a federal detainee/prisoner is housed.[1]  Plaintiff has not established that AUSA Wallner knew of any risk to plaintiff by his transfer to NNRJ and he will be dismissed as a defendant to the Bivens claim, Count 2.

With regard to the USM John Doe (Count 2) and the five NNRJ defendants (Count 3), the terms of the contract between the USM and NNRJ are unclear.  To state a viable claim, plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him of a constitutional right.  Goldstein v. Moatz, 364 F.3d 205, 210 n.8 (4th Cir. 2004)).  "To be 'under color of authority,' the conduct must be 'cloaked with official power [and the official must] purport[ ] to be acting under color of official right.'"  Browning v. Clinton, 292

---

[1]  The U.S. Marshals' website provides the following description, in relevant part, regarding its duties with housing federal detainees/prisoners.

> The U.S. Marshals Service houses and transports all federal prisoners from the time they enter federal custody until they are either acquitted or convicted and delivered to their designated federal Bureau of Prisons facility.
>
> ***
>
> The Marshals Service is dependent upon state or local governments for the provision of detention space and services for federal prisoners.  In support of this requirement, agreements are established with local and state governments willing to provide detention space for federal prisoners.

https://www.usmarshals.gov/prisoner/index.html (last viewed Apr. 16, 2020).

F.3d 235, 250 (D.C. Cir. 2002) (alterations in original) (quoting <u>Lopez v. Vanderwater</u>, 620 F.2d 1229, 1236 (7th Cir. 1980)).  In the context of a federal inmate being housed by a state facility "whether an official acts under color of state or federal law largely depends upon the authority under which the action that causes the constitutional harm is taken."  <u>Jarno v. Lewis</u>, 256 F. Supp. 2d 499, 503 (E.D. Va. 2003).  If the "federal contract" does not authorize the federal officials to interfere with the operation of the jail, and the jail officials supervised and treated the federal inmate "by virtue of the positions conferred on them [under state law]," the state defendants might be "subject to suit as state actors under § 1983."  <u>Id.</u> at 502-03.

The facts alleged establish that USM John Doe knew of a potential danger to plaintiff from a BGF member and that USM John Doe communicated that potential danger to NNRJ. Plaintiff also alleges that he communicated that potential danger to Lt. Elmore at NNRJ.  The complaint, however, fails to allege how any of the individual defendants knew or should have known that Lamont Jones was a BGF member, how plaintiff knew Jones was a BGF member, how long had plaintiff known Jones was a BGF member before he was attacked on August 23, 2017, whether Jones was housed in the same pod as plaintiff and for how long, and when plaintiff informed anyone, including the named defendants in Counts 2 and 3, that Jones was a BGF member.

Accordingly, it is hereby

ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this order; and it is further

ORDERED that the U.S. Marshals Service, U.S. Attorney General, U.S. Department of Justice, and Northern Neck Regional Jail (NNRJ), are DISMISSED WITH PREJUDICE with respect to Count 1 (FTCA); and it is further

ORDERED Assistant United States Attorney James Wallner is DISMISSED WITH PREJUDICE with respect to Count 2 (Bivens); and it is further

ORDERED that plaintiff's Motion for Appointment of Counsel [Dkt No. 2] be and is DENIED WITHOUT PREJUDICE to renewal at a later stage in the proceeding if appropriate; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 and an administrative fee of $50.00, pursuant to 28 U.S.C. § 1914(a); and it is further

ORDERED that plaintiff either (1) pay the $350.00 filing fee or (2) complete the attached application to proceed in forma pauperis and Consent Form.  If the Court grants plaintiff in forma pauperis status, plaintiff will be required to pay the filing fee in installments after first paying an initial filing fee, and the administrative fee will be waived.  FAILURE TO PAY THE $350.00 FILING FEE OR TO RETURN THE COMPLETED ATTACHED FORMS WITHIN THIRTY (30) DAYS WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk request plaintiff's institution (Inmate Monitoring Section, 320 1st Street, N.W., Room 528, Washington, DC 20534) to provide an Inmate Account Report Form on plaintiff within thirty (30) days of the date of this Order; and it is further

ORDERED that plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order by (i) naming every person he wishes to include as a defendant; (ii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the injuries received, the reasons why he believes each defendant is liable to him, and the remedies sought; (iii) how each of the seven individual defendants knew or should

9

have known that Lamont Jones and Montana were BGF members, how plaintiff knew Jones and Montana were BGF members, how long had plaintiff known Jones was a BGF member before he was attacked on August 23, 2017, whether Jones was housed in the same pod as plaintiff and, if so, for how long before the attack, and who plaintiff informed, and when, that Jones and Montana were BGF members; and (iv) submitting one original amended complaint. Plaintiff must include his civil action number, **1:19cv1102 (AJT/MSN)**, on the first page of his amended complaint, and **this amended complaint will serve as the sole complaint in this civil action**; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order, a Consent Form to plaintiff, as well as a copy of this Order and the Inmate Account Report Form to plaintiff's current institution of confinement.

Anthony J. Trenga
United States District Judge

Entered this 29th day of April 2020.

Alexandria, Virginia

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

### INMATE ACCOUNT REPORT FORM

**Re:**   <u>**Johnson v. United States, et al.,**</u> **1:19cv1102 (AJT/MSN)**

To:    Institutional Trust Officer
From:  Clerk, United States District Court for the Eastern District of Virginia

Please complete the following form regarding the account of an inmate at your facility, attach supporting ledger sheets for the preceding six months of the prisoner's trust account statement, and return these documents, within thirty (30) days of receipt, to the United States District Court for the Eastern District of Virginia at 401 Courthouse Square, Alexandria, Virginia, 22314-5798.

| | |
|---|---|
| **Inmate Name and Number:** | Harry A. Johnson, # 58306-0037 |
| **Place of Incarceration:** | Inmate Monitoring Section, Washington, DC 20534 |

| | |
|---|---|
| **DATE OF INQUIRY** | |
| Balance at time of inquiry | |
| Current rate of pay | |
| **AVERAGE MONTHLY DEPOSITS** for prior six months | |
| **AVERAGE MONTHLY BALANCE** for prior six months | |

| Total Deposits for six months prior | | Account Balance for six months prior | |
|---|---|---|---|
| Month | Amount | Month | Amount |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**I certify that the above information accurately states the deposits and balances in applicant's trust fund account for the period shown and that the attached ledger sheets are true copies of account records maintained in the ordinary course of business.**

**DATE:**_____  **SIGNATURE:**_____
**TITLE:**_____

NOTE: If the inmate has not been at your institution for the full past six months, please provide
the name of the institution from which inmate was transferred. _____
_____

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

### <u>CONSENT TO COLLECTION OF FEES FROM INMATE TRUST ACCOUNT</u>


Re: <u>Johnson v. Unied States, et al.</u>, 1:19cv1102 (AJT/MSN)


I, **Harry A. Johnson, # 58306-0037,** hereby consent for the appropriate prison officials to withhold from my prison account and forward to the United States District Court an initial payment of twenty percent (20%) of the greater of (a) the average monthly deposits to my account for the sixth-month period immediately preceding the filing of my complaint OR (b) the average monthly balance in my account for the sixth-month period immediately preceding the filing of my complaint. If both of these averages are less than or equal to zero, I will not be assessed an initial payment.

In addition to any initial payment, I further consent to the appropriate prison official to collect monthly payments from my account until I have paid the full filing fee of $350.00. These monthly payments will be equal to twenty percent (20%) of the preceding month's deposits to my inmate account. Each time the amount in my account reaches or exceeds $10.00, the appropriate prison official will forward the payment to the United States District Court. This will continue until I have paid the full filing fee of $350.00. Accordingly, I agree to maintain a balance of twenty percent (20%) of the previous month's income in my account for payment to the court. **I recognize that if I fail to maintain such a balance, my action will be <u>immediately dismissed for failure to comply with the Court's order</u>**. _____ [Please initial]

I further acknowledge that if I am transferred before payment of the full fee, the remaining balance will be reported to the new institution with directions to continue the withdrawals of funds until the entire fee is paid. **Payment will continue, if necessary, after resolution of this action until the full filing fee is paid, <u>even if my case is dismissed.</u>** _____ [Please initial]

By executing this document, I also authorize collection of any amount of costs, sanctions, and/or fee which may be imposed by the court as a result of or during this litigation, pursuant to 28 U.S.C. § 1915(f)(2)(B).


_____          _____
Plaintiff's Signature                                                                    Date

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

## INSTRUCTIONS FOR FILING COMPLAINT BY PRISONER UNDER
## CIVIL RIGHTS ACT, 42 U.S.C. § 1983

1.  This complaint must be legibly handwritten or typewritten and signed by the plaintiff. Any false statement of material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2.  This packet includes three (3) copies of a complaint form and one (1) copy of an *in forma pauperis* affidavit.

3.  In order for this complaint to be filed, it must be accompanied by the **filing fee of $350.00 (28 U.S.C. § 1914(a)) and a $50.00 administrative fee.** If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*. Please complete the enclosed affidavit setting forth information establishing your inability to prepay the fees and costs.

4.  When these forms are complete, they must be mailed to the Clerk of the United States District Court for the Eastern District of Virginia. The address is listed below:

United States District Court
Eastern District of Virginia



401 Courthouse Sq.
Alexandria, VA 22314

5.  Complaints that do not conform to these instructions will be returned with a notation as to the deficiency.

6.  **ALL COPIES OF THE COMPLAINT MUST BE IDENTICAL. DO NOT MAIL THE FORMS TO A SPECIFIC JUDGE.**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number _____
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I.    **PARTIES**

A.    Plaintiff:

1.    (a) _____ (b) _____
              (Name)                                              (Inmate number)

(c) _____
        (Address)

_____

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B.    Defendant(s):

1.    (a) _____ (b) _____
              (Name)                                              (Title/Job Description)

(c) _____
        (Address)

2. (a) _____ (b) _____
       (Name)                                        (Title/Job Description)

   (c) _____
       (Address)

       _____

3. (a) _____ (b) _____
       (Name)                                        (Title/Job Description)

   (c) _____
       (Address)

       _____

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.

## II.    PREVIOUS LAWSUITS

A.    Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?    Yes [   ]    No [   ]

B.    If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

1.    Parties to previous lawsuit:

Plaintiff(s) _____

Defendant(s) _____

_____

2.    Court (if federal court, name the district; if state court, name the county):

_____

3.    Date lawsuit filed: _____

4.    Docket number: _____

5. Name of Judge to whom case was assigned: _____

_____

6. Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) :

_____

_____

## III.  GRIEVANCE PROCEDURE

A. At what institution did the events concerning your current complaint take place: _____

_____

B. Does the institution listed in "A" have a grievance procedure? Yes [   ] No [   ]

C. If your answer to "B" is Yes:

1. Did you file a grievance based on this complaint? Yes [   ] No [   ]

2. If so, where and when: _____

3. What was the result? _____

_____

4. Did you appeal? Yes [   ] No [   ]

5. Result of appeal: _____

_____

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [   ] No [   ]

If your answer is Yes, what steps did you take? _____

_____

E. If your answer is No, explain why you did not submit your complaint to the prison authorities:

_____

_____

## IV. STATEMENT OF THE CLAIM

State here the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## V.    RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _____ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

_____ Award money damages in the amount of $ _____

_____ Grant injunctive relief by _____

_____ Other _____

## VI.    PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

_____

_____

_____

_____

## VII.    CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [    ]  No [    ]. You may consent at any time; however, an early consent is encouraged.

## VIII.    SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this _____ day of _____ , 20_____ .

Plaintiff _____